UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Nicole Johnson<br><br>    Plaintiff,<br><br>v.<br><br>AllianceOne Receivables Management, Inc. dba AllianceOne<br><br>    Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, THE TELEPHONE CONSUMER PROTECTION ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

**PARTIES**

1. Plaintiff, Nicole Johnson, ("Nicole"), is a natural person who resided in Conyers, Georgia, at all times relevant to this action.

2. Defendant, AllianceOne Receivables Management, Inc. dba AllianceOne, ("AO"), is a Delaware Corporation that maintained offices throughout the United States including Maumee, Ohio, at all times relevant to this action.

**JURISDICTION AND VENUE**

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq. and the Telephone Consumer Protection Act, U.S.C. §1367(a).

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because Defendant resides in this judicial district.

**STATEMENT OF FACTS**

5. AO uses a predictive dialer system.

6. Before AO began contacting Nicole, it and Nicole had no prior business relationship and Nicole had never provided express consent to AO to be contacted on her cellular telephone.

7. AO regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

8. The principal source of AO's revenue is debt collection.

9. AO is a "debt collector" as defined by 15 U.S.C. §1692a(6).

10. As described, *infra*, AO contacted Nicole to collect a debt that was incurred primarily for personal, family, or household purposes.

11. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

12. Nicole is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On several occasions, the dates of which will be discovered through discovery, AO willingly and knowingly used an automatic telephone dialing system to call Nicole on her cellular phone multiple times in violation of the TCPA. See *Mais v. Gulf Coast Collection Bureau, Inc.*, 2013 U.S. Dist. LEXIS 65603, *10 (S.D. Fla. 2013); See also *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265 (3rd Cir. 2013).

14. Around April 2014, AO began contacting Nicole on Nicole's cellular phone in connection with the collection of the debt.

15. During one communication, around April 2014, Nicole disputed the debt and requested AO cease further calls to AO.

16. Despite this request, AO contacted Nicole on Nicole's cellular phone in connection with the collection of the debt on numerous occasions, most recently around May 2014.

17. On more than one occasion, Nicole requested AO cease further calls to Nicole.

18. AO attempted to collect a debt from Nicole.

19. AO violated the FDCPA and the TCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

20. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

21. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at a time or place known to be inconvenient for Plaintiff.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable means to collect the debt.

## COUNT FOUR

### Violations of the Telephone Consumer Protection Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. Defendant willingly and knowingly violated 47 U.S.C. § 227(b)(1)(A) on multiple and separate occasions by each time calling Plaintiff's cellular telephone using both an automatic telephone dialing system without Plaintiff's prior express consent.

## JURY DEMAND

28. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

29. Plaintiff prays for the following relief:

  a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

  b. An order enjoining Defendant from placing further telephone calls to Plaintiff's cellular telephone number pursuant to 47 U.S.C. § 227(b)(3).

  c. Judgment against Defendant for statutory damages pursuant to 47 U.S.C. § 227(b)(3) for each and every call Defendant made in violation of the TCPA.

  d. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Hyslip & Taylor, LLC LPA


By: /s/ Jeffrey S. Hyslip
Jeffrey S. Hyslip, Esq.
1100 W. Cermak Rd., Suite B410
Chicago, IL 60608
Phone: 312-380-6110
Fax: 312-361-3509
Email: jeffrey@lifetimedebtsolutions.com
OH Bar #0079315

Date: September 11, 2014